**NOT FOR PUBLICATION** [1]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | |
| | : | Civil Action No. 09-3274(FLW) |
| ANTHONY RUSSO AND DIANA RUSSO, | : | |
| | : | |
| Debtors, | : | |
| | : | |
| ANTHONY RUSSO AND DIANA RUSSO, | : | |
| | : | |
| Appellants, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| STEVEN FREDA, | : | |
| | : | |
| Appellee. | : | |

**WOLFSON, United States District Judge:**

Appellants Anthony Russo and Diana Russo (collectively, "Debtors") appeal a final Order of the Bankruptcy Court entered June 8, 2009, which granted Stephen Freda's ("Creditor") Motion to File Late Proof of Claim. This Court has appellate jurisdiction to review the decision of the Bankruptcy Court pursuant to 28 U.S.C.§ 158(a)(1). For the reasons that follow, the Court will affirm the decision of the Bankruptcy Court.

**I. BACKGROUND**

Debtors filed a Petition in Bankruptcy under Chapter 13 on June 4, 2008. The bar date for filing claims was October 15, 2008. Debtors filed the Schedules to their Bankruptcy Petition containing Schedule H, which listed Creditor not as a creditor, but rather, a codebtor with the notation "[m]ay have also guaranteed". Nevertheless, Debtors

mailed notification of the bankruptcy filing to Creditor at 141 75th Street, Sea Isle City, New Jersey 08243 (hereinafter the "141 75th Street address").  Creditor claims, and the parties do not dispute, that Creditor never received the notification of Debtors' Chapter 13 filing because at the time the notification was mailed, Creditor was not living at the 141 75th Street address.  In fact, Creditor did not learn of Debtors' Chapter 13 filing until April 2009.  Freda Cert. at ¶ 11.

Creditor's claim arises from a Release agreement (hereinafter, the "Release") entered into by and among the parties on July 18, 2007.  See Freda Cert. dated May 4, 2009.  The Release was the culmination of negotiations between Creditor and Debtors, stemming from their respective interests in TDS Ventures, LLC, which the parties had formed for the purpose of developing certain property in Wildwood Crest, New Jersey.[1]  Freda Cert. at ¶¶ 3-4.  Following a dispute between Creditor and Debtors, Creditor agreed to give up all interests in TDS Ventures, LLC, in exchange for indemnification from any debts, liabilities, or obligations stemming from his involvement as a member of TDS Ventures, LLC.  The most substantial obligation incurred by both Creditor and Debtors in connection with TDS Ventures, LLC was the personal guarantee of a construction mortgage loan made by Sovereign Bank ("Sovereign") to TDS Ventures, LLC to finance the development of the Wildwood Crest property.

Based on the accounts detailed in the parties' submissions to the Court, it appears that shortly after execution of the Release, TDS Ventures, LLC defaulted on its debt

---

[1] There appears to be some disparity in the parties' submissions regarding the location of the property which TDS Ventures, LLC was formed to develop.  Debtors identify the property as "two town homes on land in Sea Isle City, New Jersey", see Debtors' Br. at 4, whereas Creditor and the Release describe the property as being located in Wildwood Crest, New Jersey, see Freda Cert. at ¶¶ 3-4, Ex. A, Release at ¶ 1.  Nevertheless, the location of the property is inconsequential for the purposes of the instant appeal.

2

obligation to Sovereign. Consequently, Sovereign commenced a foreclosure proceeding, and acquired the property at a sheriff's sale.[2] Additionally, Sovereign filed suit against Creditor on his personal guaranty and obtained a default judgment against Creditor in the amount of $1,241,245.54 in the Superior Court of New Jersey, Cape May County. Creditor claims that he did not learn of the judgment entered against him until April 2009, when Sovereign levied on his personal bank account. Freda Cert. at ¶ 6. Creditor claims that it was only in the course of pursuing a cause of action against Debtors, seeking indemnification pursuant to the Release, that he learned of Debtors' June 4, 2008, Chapter 13 filing.[3] Freda Cert. at ¶ 7.

Upon discovery of the pending bankruptcy proceeding, Creditor promptly moved before the Bankruptcy Court on an application to file a late notice of claim. At the May 26, 2009 hearing on Creditor's application, Creditor argued that due process required that his claim be allowed as timely because Debtors listed him on the Bankruptcy Petition and Schedules with an improper address. Creditor explained that he had not resided at the 141 75th Street address since February, 2007, and had subsequently sold the 141 75th Street property on May 4, 2007. Accordingly, Creditor argued that by the time Debtors' June 4, 2008 bankruptcy petition was filed, the standard six month forwarding order had long expired. Moreover, Creditor argued that allowance of his claim would cause no prejudice in that the Chapter 13 Plan provides for the payment of all creditors 100% and Creditor's

---

[2] Appraisals of the properties ordered by Debtors, showed each parcel to have an estimated worth of $484,000. The value of both parcels totaled $968,000. See Brief by Anthony Russo and Diana Russo at 6. Both Debtors and Creditor are guarantors, and consequently, entitled to this credit.

[3] Debtors prepared a modified Chapter 13 Plan in which they proposed to pay Sovereign Bank, and other creditors, $120,000 upon confirmation of the Plan. Additionally, Debtors indicated that they would sell or refinance certain real property located in Ringoes, New Jersey within six months of confirmation of the Plan. At the time Creditor petitioned the Bankruptcy Court to file a late notice of claim, the modified plan had not been confirmed. Debtors' Br. at 6; Creditor's Br. at 10.

indemnification claim simply steps into an obligation Debtors already have.[4] Alternatively, Creditor argued that in the event his application was denied, his claim against the Debtors should not be discharged in the Chapter 13 proceeding.

Debtors vigorously opposed Creditor's application to file late notice of claim. Debtors argued that absent one of the exceptions set forth in Fed. R. Bankr. P. 3002(c), the Bankruptcy Court has no power to allow the filing of a tardy claim.  Additionally, Debtors argued that "equitable reasons" precluded Creditor from claiming lack of notice because it was Debtor who furnished Creditors with an obsolete address.  See "Relief Sought by the Movant and the Russos' Response in Opposition", filed May 19, 2009, at 6.  Debtors explained that they had simply used the address supplied by Creditor in the Release, which they pointed out was drafted by Creditor's attorney, and executed in July 2007, five months after Creditor claimed to have moved from the 141 75th Street address.

After hearing the parties' arguments at the May 26, 2009 hearing, the Bankruptcy Court, citing In re Martini, No. 03-41661 (DHS), 2006 WL 4452974 (Bankr. D.N.J. Apr. 3, 2006) (hereinafter, "Martini"), concluded that due process required the proof of claim filed by Creditor to be allowed as timely.  It is from the June 8, 2009 Order allowing the filing of Creditor's claim that Debtors now appeal.

## II. STANDARD OF REVIEW

When reviewing a bankruptcy court's decision, the standard of review is determined by the nature of the issues presented on appeal. Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee, 321 B.R. 147, 157 (D.N.J. 2005).  In particular, factual determinations reviewed on appeal should not be set aside unless found

---

[4]  Creditor admitted that some extra monies may be owed "as a result of the legal fees and costs that [he] has been forced to incur but that still does not render the proposed plan unfeasible or disrupt an already confirmed plan."  Creditors' "Memorandum of Law in Support of Motion to File Claim" at 4.

4

to be "clearly erroneous." See Fed. R. Bankr. P. 8013; Chemetron Corp. v. Jones, 72 F.3d 341, 345 (3d Cir. 1995); In re Indian Palms Assocs., Ltd., 61 F.3d 197, 203 (3d Cir. 1995). A factfinder, rather than a reviewing body, is generally in a better position to make judgments about the reliability of evidence; specifically, the reviewing body only acts pursuant to a written record, while the factfinder is able to evaluate the credibility of a live witness. See Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 113 S.Ct. 2264, 2280, 124 L.Ed.2d 539 (U.S.1993). In turn, review of facts under the "clearly erroneous" standard is significantly deferential and requires a "definite and firm conviction that a mistake has been committed." Id. Conversely, legal conclusions from the bankruptcy court are subject to de novo or plenary review by the district court. Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997); Chemetron, 72 F.3d at 345. Mixed findings of fact and conclusions of law must be broken down, and the applicable standards--"clearly erroneous" or de novo--must be appropriately applied to each component. Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992) (citing In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989) and Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102-03 (3d Cir. 1981)).

**III. DISCUSSION**

Debtors' appeal focuses on the Bankruptcy Court's determination to allow Creditor's proof of claim as timely filed. A brief review of the applicable sections of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure is, therefore, essential to an understanding of the issues raised on appeal. Pursuant to 11 U.S.C. § 502(a), a proof of claim "which is filed under section 501 . . . is deemed allowed, unless a party in interest . . . objects . . . ." Bankruptcy Code § 502(b) provides that

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (9) proof of such claim is not timely filed . . . .

In Chapter 13 cases, the deadline for filing proofs of claim is governed by Fed. R. Bankr. P. 3002(c). Rule 3002(c), provides the following:

> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:
>
> (1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.
>
> (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.
>
> (3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.
>
> (4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

> (5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.
>
> (6) If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Accordingly, the six categories of late-filed claims that courts may consider for allowance are those dealing with: (i) governmental units; (ii) infants and incompetent persons; (iii) judgments, if filed within 30 days of final judgment; (iv) claims arising from rejection of executory contract or unexpired lease; (v) Chapter 7 cases where notification of no assets is given, but assets later become available; and (vi) foreign creditors.

While Rule 9006(b)(1) provides the Bankruptcy Court with some latitude to extend lapsed deadlines for "excusable neglect", that exception does not apply to late-filed Chapter 13 claims under Rule 3002(c). Rule 9006(b)(3) specifically confines expansion of the 90 day period for filing a proof of claim in a Chapter 13 case to those exceptions set forth within Rule 3002(c) itself. Indeed, Rule 9006(b)(3) states: "[t]he court may enlarge the time for taking action under Rules . . . 3002(c) . . . only to the extent and under the conditions stated in those rules." See Pioneer Investment v. Brunswick, 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 123 L.Ed.2d 74, (1993) (noting that excusable neglect is inapplicable to late-filed claims under Rule 3002(c)); In re Dennis, 230 B.R. 244, (Bankr. D.N.J. 1999). The Advisory Committee Notes to Rule 9006(b) likewise provide that "[i]f a rule is included in [Rule 9006(b)(3)], an extension may not be granted under [Rule

7

9006(b)(1)]." In sum, under the Bankruptcy Rules, unless a late proof of claim falls within one of the narrow exceptions set forth in Rule 3002(c), the claim is barred.

The record in this case establishes that Creditor's proof of claim was untimely and Creditor does not contend that any of the enumerated exceptions in Rule 3002(c) apply. The deadline to file a proof of claim expired on October 15, 2008, however, Creditor's proof of claim was not filed until May 5, 2009. Despite the fact that Creditor's claim was not filed until nearly seven months after the bar date, the Bankruptcy Court granted Creditor's Motion to File Late Proof of Claim. Rendering a decision on the record at the May 26, 2009 hearing, the Bankruptcy Court concluded that Creditor's claim would be allowed as timely filed. In so finding, the Bankruptcy Court acknowledged Debtors' contention that the address listed by them for notification to Creditor was obtained from the Release prepared by Creditor's attorney. Despite finding no fault on the part of Debtors' or counsel, the Bankruptcy Court held

> [t]hat does not mean, however, that we can simply ignore the due process rights of this creditor. If we are balancing the equities, the Court must be cognizant of the posture of the case as presented. And the posture of the case is this has gone on for a long period of time, there are no distributions, and the debtor is still in a position where it can take into account the claims made. I agree and that debtor certainly has the right now to address the claim as filed under any of the 502 defenses that are available and I'm sure we'll be back here in a different context or we might be back here in a different context.
>
> But at this juncture, again, I will, with all due respect to [the bankruptcy court's decision in In re Dennis, 230 B.R. 244 (Bankr. D.N.J. Feb. 23, 1999)], follow the approach undertaken by [the bankruptcy court] in [In re Martini, No. 03-41661, 2006 WL 4452974 (Bankr. D.N.J. Apr. 3, 2006)] as to at least highlighting the need to afford creditors due process. Having said that and determining that the late claim can be filed, certainly I will afford debtors' counsel the opportunity to object.]

8

[T19:13 - T20:4].[5]   The Bankruptcy Court noted, however, that

> there's a distinction between a late or tardy -- tardily filed claim which in allowing such a claim would impair the success of a plan after distributions have been made, for instance, as opposed to this case where we have not reached confirmation.  There's been no distribution of amounts.  And there's very little, if any, discernible prejudice to the debtor apart from having now to address payment of a claim that's due and owing . . . .  The allowance of a late claim is not what's triggering interest due and owing, if it is due and owing.  That is a product of a substantive law and the obligations underlying the claims.  The allowance of the late claim simply allows a party to participate in a proceeding in a timely manner and to enjoy the rights afforded to a creditor in this case.  I -- the record does not disclose any contractual obligation to provide such a current address to the debtor in the indemnification agreement.  And even if it were so, that would go toward the balancing of the equities in this case.

[T18:16 - T20:9].

On appeal, Debtors contend that 11 U.S.C. § 502(b)(9) and Rule 3002(c) prohibit the filing of a late proof of claim.  Debtors assert that by following an "'actual notice' requirement", the Bankruptcy Court "bootstrapped on an equitable exception to Bankruptcy Rule 3002(c) on procedural due process grounds that Congress never intended."  Debtors' Br. at 9.  Debtors argue that the Bankruptcy Court erred in focusing "on the equities surrounding due process instead of following the requirements of Code Section 502(b)(9) and Bankruptcy Rule 3002(c)."  Id.  In support of their position that the Bankruptcy Code and Rules bar the filing of late claims in Chapter 13 cases, Debtors cite a host of cases for the proposition that bankruptcy courts lack equitable discretion to enlarge the time to file proofs of claim.  Id. at 12-13.  If the equities were to be considered, Debtors argue, the focus should have been on whether due process rights may be waived

---

[5]   "T__:__" refers to the transcript of the May 26, 2009 hearing before the Bankruptcy Court.

or barred under the doctrine of equitable estoppel where it is the Creditor, rather than Debtors, that is responsible for the lack of notice. Debtors' Br. at 9, 15-21.

The Court agrees that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure vest a bankruptcy court with the discretion to extend the deadline for filing a proof of claim in a Chapter 13 case. Indeed, the express language of Rule 3002(c) is clear, unless one of the six enumerated exceptions applies, the deadline may not be extended. However, the basis of the Bankruptcy Court's determination to allow Creditor's claim as timely filed was grounded not in the Bankruptcy Code or Rules, but rather, dictated by due process concerns. Indeed, as one court has noted,

> [p]roceedings within the ambit of the Bankruptcy Code are no less susceptible to the requirements of due process than in any other realm. Due process rights of creditors arise out of the Fifth Amendment of the United States Constitution. In re XO Communications, Inc., 301 B.R. 782, 792 (Bankr. S.D.N.Y. 2003)(citing to In re Drexel Burnham Lambert Group, Inc., 151 B.R. 674, 679 (Bankr. S.D.N.Y. 1993); see also James Steven Rogers, The Impairment of Secured Creditors' Rights in Reorganization: A Study of the Relationship Between the Fifth Amendment and the Bankruptcy Clause, 96 Harv. L.Rev. 973 (1983). One such fundamental due process right is a creditor's right to notice of the bar date for filing a proof of claim. In re Mariner Post-Acute Network, 303 B.R. 42, 46 (Bankr.D.Del. 2003).

[In re Collier, 307 B.R. 20, 25 (Bankr. D.Mass. Mar. 30, 2004)]. The presumption that a creditor has received notice of the Chapter 13 filing and proof of claim bar date, is inherent in the stringent time restrictions of Rule 3002(c). Id.; see also Daewoo International Corp. Creditor Trust v. SSTS America Corp., No. 02-9629(NRB), 2003 WL 21355214, * 3 (S.D.N.Y. Jun. 11, 2003) (noting that "discharge under the Bankruptcy Code presumes that all creditors bound by the plan have been given notice sufficient to satisfy due process."). As was noted by the court in Martini, and relied upon by the Bankruptcy Court below, due process requires "that when a creditor does not have notice

10

or actual knowledge of a bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy." In re Martini, 2006 WL 4452974 at *4 (quoting United States v. Cardinal Mine Supply, Inc., 916 F.2d 1087, 1089 (6th Cir. 1990)).

"The level of due process due to a party prior to the deprivation of a property interest . . . is highly dependent on the context.  As the Supreme Court has repeatedly emphasized, '[t]he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation.'" In re Mansaray-Ruffin, 530 F.3d 230, 239 (3d Cir. 2008) (quoting Lujan v. G&G Fire Sprinklers, Inc., 532 U.S. 189, 196, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001) (*internal quotations omitted*)).  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Accordingly, applying those governing principles here, the Court turns to the notice provided to Creditor.  Pursuant to Fed. R. Bankr. Proc. 1007, a Chapter 13 debtor is required to file a list containing the name and address of each creditor.  Local Bankruptcy Rule 1007-2 of the District of New Jersey requires the debtor to submit a matrix consisting of an alphabetized mailing list of creditors with complete names, addresses and zip codes.  Based upon the information supplied, the listed creditors are given notice by mail of the time for filing a proof of claim in accordance with Rule 3002.  See Fed. R. Bankr. Proc. 2002(f)(3).  Here, apparently without knowledge that Creditor had moved,

Debtors provided the Clerk in June 2008 with the address listed for Creditor in the July 2007 Release. As previously noted, however, Creditor had moved from that address in February 2007 and subsequently sold the property in May 2007. It is undisputed that at the time the Release was executed Creditor no longer owned the property. The record does not indicate whether Creditor was even aware that his attorney had used the outdated address in drafting the Release, as Creditor was not a signatory to the Release.

In light of the foregoing, the Bankruptcy Court determined that Creditor's fundamental right to due process was not satisfied. This Court finds no error or misapplication of the law in the Bankruptcy Court's determination. Contrary to Debtors' assertions, the Bankruptcy Court did not impose an "'actual notice' requirement" or "bootstrap[] on an equitable exception to Bankruptcy Rule 3002(c) on procedural due process grounds that Congress never intended." The Bankruptcy Court merely determined that under the circumstances presented notice was not reasonably calculated to apprise Creditor of the bar date for filing the proof of claim. This Court agrees that the circumstances surrounding the notice did not satisfy Creditor's fundamental right to due process. Regardless of the fact that Creditor's attorney inserted an outdated address in the Release, the fact remains that the address was provided in the Release nearly one year prior to the filing of Debtors' Chapter 13 Petition. It is readily apparent that even if the address had been current when given in the Release, a standard six month forwarding order could surely have expired during the time period between the execution of the July 2007 Release and the June 2008 filing of the Petition. This Court simply does not find error in the determination that Debtors' reliance on an address from a document drafted a year earlier was not reasonably calculated to apprise Creditor of the pendency of the

Chapter 13 proceeding. As the Bankruptcy Court was careful to point out, Creditor was under no continuing obligation under the terms of the Release to provide Debtors with an updated address. While reasonable diligence does not require extended searches in the name of due process (see Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995)), the Court finds that here where there is no evidence that Debtors made the slightest effort to check an address for a personal residence of a creditor that was nearly a year old there is no error in the Bankruptcy Court's ruling that due process was not satisfied.

The Court also rejects Debtors' contention that the doctrine of equitable estoppel or waiver may be relied upon here to undermine the finding that Creditor was denied due process. Estoppel is based upon notions of fair dealing and good faith. In re Vision Metals, Inc., 311 B.R. 692, 700 (Bankr. D.Del. 2001). "Parties claiming equitable estoppel must establish that (1) a representation of fact was made to them, (2) upon which they had a right to rely, and (3) the denial of the represented fact by the party making the representation would result in injury to the relying party." In re RFE Industries, Inc., 283 F.3d 159, 164 (3d Cir. 2002) (quoting Wheeling -Pittsburgh Steel Corp. v. McCune, 836 F.2d 153, 162-163 (3d Cir. 1987)). "Waiver is the 'intentional relinquishment or abandonment of a known right." In re RFE Industries, Inc., 283 F.3d at 164 (quoting United States v. Dispoz-O-Plastics, Inc., 172 F.3d 275, 282 (3d Cir. 1999)). The Court fails to see under the facts of this case how either estoppel or waiver are applicable. The facts simply do not support a finding that Creditor even knew that his attorney used an outdated address in the Release forwarded to Debtors nearly a year prior to the filing of their Chapter 13 Petition. In the absence of such knowledge and given the fact that Creditor had no continuing obligation under the terms of the Release to update his

13

address, which was nearly a year old when Debtors filed their Petition, there can be no estoppel or waiver.

Finally, in opposition to the instant appeal, Creditor alternatively argues that his claim should be held to be non-dischargeable in Debtors' Chapter 13 case. Creditor argues that scheduling a creditor with an incorrect address is no different than failing to schedule the creditor because the impact is the same -- the creditor does not receive notice. The Bankruptcy Court did not reach the issue of the nondischargeability of Creditor's claim in light of its determination that Creditor's claim would be allowed as timely filed. Given this Court's affirmance of that determination, this Court declines to address the issue.

## IV. CONCLUSION

For the foregoing reasons, the Court will affirm the Bankruptcy Court's determination that Creditor's proof of claim may be allowed as timely filed


                                            /s/ Freda L. Wolfson
                                            Honorable Freda L. Wolfson
                                            United States District Judge


Dated: December 4, 2009